UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO SANCHEZ GOSS,

        Petitioner,                      Case Number: 2:19-CV-10059
                                                HON. GEORGE CARAM STEEH

v.

SHERRY BURT,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Mario Sanchez Goss is a state inmate at the Muskegon Correctional Facility in Muskegon, Michigan. He challenges his convictions for first-degree felony murder, Mich. Comp. Laws § 750.316, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Also before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted and sentenced as a fourth habitual offender as follows: life imprisonment for first-degree murder, five to ten years' imprisonment for felon in possession of a firearm, and two years' imprisonment for felony-firearm.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising two claims. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Goss,* Nos. 330236, 2017 WL 1489000 (Mich. Ct. App. Apr. 25, 2017). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The court denied leave to appeal. *People v. Goss,* 501 Mich. 947 (Mich. Dec. 27, 2017).

Petitioner filed the pending habeas petition on December 26, 2018. Petitioner also filed a motion to stay this proceeding so he may return to state court and raise additional, unexhausted claims in state court.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise additional, unexhausted claims in state court. He states he intends to raise numerous claims of ineffective assistance of counsel in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds that a stay is warranted in this case. First, the outright dismissal of

the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Second, Petitioner states that his unexhausted claims are based upon a claim of newly-discovered evidence. Because the claims are, according to Petitioner, newly-discovered, Petitioner shows good cause for not previously exhausting his claims. Further, Petitioner claims that his appellate attorney was ineffective in failing to discover this evidence. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds Petitioner has satisfied the good cause standard.

Third, Petitioner's unexhausted claims are not plainly meritless because they allege a violation of Petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts. Finally, the Court finds no indication that Petitioner is engaging in intentionally dilatory litigation tactics.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.

3

2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.

Accordingly, the Court GRANTS Petitioner's Motion to Stay (ECF No. 2). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2019

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Mario Sanchez Goss #373305, Muskegon Corr. Facility, 2400 S. Sheridan, Muskegon, MI 49442 on
February 7, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk